583 F.Supp. 1123 (1984)
Paul J. AHEARN, Plaintiff,
v.
U.S. ARMY MATERIALS AND MECHANICS RESEARCH CENTER and Department of the Army, Defendants.
Civ. A. No. 82-3396-C.
United States District Court, D. Massachusetts.
May 4, 1984.
*1124 Sondra Long Shick, Newton Centre, Mass., for plaintiff.
Asst. U.S. Atty. Joseph McGovern, Boston, Mass., for defendants.

MEMORANDUM
CAFFREY, Chief Judge.
This is a civil action brought by Paul J. Ahearn against the United States Army Materials and Mechanics Research Center and the Department of the Army. Plaintiff alleges that he is entitled under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to certain documents compiled during an investigation by the Inspector General of the Army. On February 27, 1984, this Court granted defendants' motion for summary judgment with respect to the opinions, conclusions and recommendations contained in the Inspector General's Report of Inquiry. 580 F.Supp. 1405. The Court reserved judgment on the remaining issue: whether the verbatim testimony of those witnesses who have not consented to the release of their statements is exempt from disclosure under FOIA Exemptions 5, 6 and/or 7(C). 5 U.S.C. §§ 552(b)(5), (6), (7)(C). The Court ordered defendants to submit the testimony at issue for in camera inspection.
The government has submitted to the Court transcripts of the testimony of witnesses Dr. E.S. Wright, Sam Valencia and Dr. John Burke. It is, however, no longer necessary for this Court to consider the releasability vel non of these documents because in its recent decision in United States v. Weber Aircraft Corp., ___ U.S. ___, 104 S.Ct. 1488, 79 L.Ed.2d 814 (1984), the Supreme Court held that confidential statements made to air crash safety investigators are protected from disclosure under the FOIA by Exemption 5. I rule that, for the same reasons set forth by the Supreme Court in Weber, the confidential witness statements obtained in the course of the Inspector General's investigation are exempt under FOIA Exemption 5. 5 U.S.C. § 552(b)(5). See American Federation of Government Employees v. Department of Army, 441 F.Supp. 1308 (D.D.C.1977).
Order accordingly.